# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 20-12437-mdc |
| Aden J Fredericks, | Chapter 13 |
|     Debtor. | |
| USB Leasing LT, | |
|     Movant, | |
| v. | |
| Aden J Fredericks, and | |
| KENNETH E. WEST, Ch. 13 Trustee, | |
|     Respondents. | |

## MOTION OF USB LEASING LT FOR RELIEF FROM THE AUTOMATIC STAY

Secured Creditor, USB Leasing LT, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Aden J. Fredericks, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on May 27, 2020.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On November 14, 2018, Aden Fredericks entered into a Motor Vehicle Lease Agreement – Closed-End ("Lease") involving an agreement in the amount of $25,782.70 for the lease of a 2019 JEEP CHEROKEE. See attached Exhibit "A."

4. The Movant is the assignee of the Lease.

5. The vehicle secured by the Contract has a VIN of 1C4PJMDNXKD292826.  See Exhibit "B".

6. The above-describe vehicle is encumbered by a lien with a payoff amount of $20,172.78, plus other appropriate charges through August 12, 2022, though subject to change. The regular monthly payment is $392.50.

7. The Lease is in default because the Lease matured on May 14, 2022 and Debtor has not returned the Vehicle nor exercised the buyout option under the Agreement.

8. The Debtor's Chapter 13 Plan calls to assume the lease to Movant. Exhibit "C".

9. The Movant is the only lien holder of record with regard to the vehicle.

10. The vehicle has a NADA clean retail value of $31,075.00. Exhibit "D".

11. In order to continue with the repossession and liquidation of the vehicle, relief from the automatic stay must be obtained.

12. The vehicle is not necessary to an effective reorganization.

13. The vehicle is a rapidly depreciating asset.  Movant requests the waiver of Rule 4001 (a)(3).

14. The Movant seeks an award of its reasonable attorneys' fees and costs incurred in the filing of this Motion.

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)  to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs

incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3),

and for any such further relief as this Honorable Court deems just and appropriate.

Date: September 21, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com